## EX PARTE BLASCO.

### APPLICATION for a Writ of Habeas Corpus.

No. 39.—Decided November 14, 1904.

HABEAS CORPUS—SENTENCE—PROCEDURE.—It will be presumed in *habeas corpus* proceedings that the judgment, by virtue of which the petitioner is detained, as well as the proceedings which resulted in such judgment, is according to law unless the contrary be proven.

ID.—ILLEGAL IMPRISONMENT.—The reasons why petitioner is illegally deprived of his liberty must be alleged in an application for a writ of *habeas corpus*.

The facts are stated in the opinion.

*Mr. Martínez Quintero,* for the petitioner.

*Mr. Rossy, Fiscal,* for the People.

MR. JUSTICE WOLF delivered the following opinion of the court:

This is an application for a writ of *habeas corpus* presented by J. E. Martínez, Esq., on behalf of Alfredo Blasco, who is imprisoned in the jail of the district of San Juan. The hearing in this cause was had before the full bench on November 11, 1904.

Counsel for the defendant alleged at the hearing that the prisoner should be discharged because the sentence was lacking in the legal requirements. The report of the warden of the jail shows that he holds the prisoner under two sentences. Both sentences set out the punishment imposed upon the defendant, which should be served in the jail of the district of San Juan. The first of these sentences, that is to say No.

507, of the District Court of Arecibo, condemns the defendant to two months in jail and the payment of $100 fine, he to serve three days in jail for each three dollars of the fine which he should fail to pay. The second sentence, that is to say No. 625, condemns him to a month and a half in jail. Both sentences show that the crimes of which he has been found guilty are violations of the internal revenue laws of Porto Rico. The said sentences do not state the particular facts of which he is accused. However, the whole intention of said sentences must be presumed to be in favor of the same. It is to be presumed that the prisoner was properly accused, and that the opinions of the court set out the reasons for which he was condemned. The prisoner evidently had notice of the crime with which he was charged, and if he or his counsel considered the proceedings of the district court doubtful, the same were at their disposal for examination. It was not necessary for the warden of the jail to have any information further than the contents of the copies of the same, which he submitted in his report, for the execution of the said sentences. The report is not very satisfactory, since it does not state the dates upon which the term of imprisonment commenced. If the said term commenced on the date of the last sentence, or, in other words, on February 2, 1904, it would appear that the prisoner had already served nine months in jail, when the punishment imposed by both sentences taken together would not exceed five months.

However, the application is worse than the report. It states that there were six sentences, numbered 481, 482, 484, 488, 506 and 507. It also says that it was accompanied by copies of the sentences. It is impossible to determine from this record whether the prisoner was illegally detained. The application should have set out the sentences, and should have stated wherein they were considered defective.

No reason whatever having been found why the petitioner should be discharged, the application must be denied and the

prisoner must continue in the custody of the warden, José V. Berríos.

*Denied.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.